Williams, Judge,
delivered the opinion of the court:
Plaintiff in the petition claims increased rental and subsistence allowances on account of a dependent mother for the period November 7, 1929, to September 30, 1930, during which time he was a student aviator at the naval air station, Pensacola, Florida.
In the brief plaintiff abandons his claim insofar as recovery of increased subsistence allowance is concerned, he having already received such allowance. The only question involved, therefore, is plaintiff’s right to receive the increased rental allowance for the period involved.
It is conceded that plaintiff’s mother was in fact dependent on him for her chief support during the period of the claim. •
The plaintiff, an ensign in the Navy, on November 7, 1929, pursuant to orders, reported at the naval air station at Pensacola, Florida, as a student aviator. Public quarters were not available for the use and occupancy of plaintiff’s mother at the naval air station at Pensacola. This fact is established by the report of the Navy Department to the court:
“ Quarters were not available at this station for the occupancy of the mother of Lieutenant (j.g.) Richard C. Collins, during the period November 7, 1929, to September 30,1930.”
Plaintiff before reporting to his station at Pensacola knew that public quarters were not' available there for the use and occupancy of his mother. Consequently she did not accompany him, and he did not request that public quarters for her be furnished. Such a request under the circumstances would have been utterly futile, and his right to the increased rental allowance cannot be defeated by his failure to make such request. Neither is his right to the increased allowance affected by the failure of his mother to accompany him. Stewart v. United States, 70 C.Cls. 540.
Section 6 of the act of May 31, 1924, 43 Stat. 250, amending the act of June 10, 1922, 42 Stat. 625, contains the only prohibition against the payment of rental allowance to an officer with dependents:
“No rental allowance shall accrue * * * while an officer with * * * dependents is assigned as quarters at his permanent station the number of rooms provided by law *624 for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.”
It is clear plaintiff’s claim does not fall within this prohibition. The bachelor quarters of one room were manifestly inadequate for the occupancy of himself and his mother, and the Navjr Department, which is undoubtedly competent superior authority, has certified to the court that quarters at the station were not available for the mother during the period of the claim.
Plaintiff is entitled to recover, and judgment in his favor is ordered to be entered for $511.33.
Whaley, Judge; Littleton, Judge; and Green, Judge, concur.
Booth, Chief Justice, did not hear this case, on account of illness, and took no part in its decision.